IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| TOM R. VALLANDINGHAM | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CA #  5:19-cv-00535 |
| | ) |
| BOB EVANS RESTAURANTS LLC | ) |
| LONG-TERM DISABILITY PLAN | ) |
| | ) |
| SERVE: | ) |
| | ) |
| VIRGINIA G. TOUR | ) |
| ERISA PLAN ADMINISTRATOR | ) |
| BOB EVANS RESTAURANTS LLC | ) |
| 8111 SMITH'S MILL ROAD | ) |
| NEW ALBANY, OH 43054 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR
## DISABILITY BENEFITS UNDER ERISA

### JURISDICTION AND VENUE

1.      Plaintiff's claims against Defendant are filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (herein "ERISA").

2.      Plaintiff seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan.  Specifically, the Plaintiff seeks:  a) a declaration and enforcement of rights under the long-term disability insurance policies at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), b) a reinstatement of benefits, c) the payment of all back benefits due with pre-

judgment and post-judgment interest, d) the enforcement of rights under the long-term disability insurance policy and/or the employee benefits plan, e) the clarification of rights to future benefits under the long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and f) an award of attorney's fees and costs.

3. Venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132(f). At all times relevant to this claim, Plaintiff worked at the Defendant's place of business located in Beckley, WV.

## PARTIES

4. Plaintiff is a former employee of BOB EVANS RESTAURANTS LLC ("The Employer"). While employed there, and while covered by the Group Long Term Disability Plan for employees of The Employer, Plaintiff became disabled as that term is defined by The Plan.

5. BOB EVANS RESTAURANTS LLC Long Term Disability Plan ("The Plan") is an employee welfare benefit plan established under ERISA. Defendant is responsible for the actions of each of its fiduciaries and "deemed fiduciaries."

## THE EMPLOYEE WELFARE BENEFIT PLAN

6. At all times relevant Plaintiff was employed by The Employer, worked at the Employer's place of business in Beckley, West Virginia, and was a plan participant in the Plan established by The Employer under ERISA.

7. The Employer is the Plan Administrator.

8. The Plan Administrator has delegated disability claims administration to The Prudential Insurance Company of America ("The Insurance Company").

9. The Employer and The Insurance Company are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999)..

10. The Insurance Company is responsible for conducting any ERISA mandated claim evaluation and final review rests with The Insurance Company and with no other entity.

11. The Insurance Company, upon information and belief, has made all of the decisions regarding Plaintiff's claim for disability benefits in this case.

## HISTORY OF THE CLAIM

12. Plaintiff worked for The Employer until he became disabled.

13. At all times relevant The Plaintiff has met the Plan's definition of disability.

14. The Plan provides for lost income benefits.

15. Plaintiff timely gave notice of disability and applied for disability benefits under the Plan.

16. On October 5, 2018 the Plan issued an "Adverse Benefit Decision" on Plaintiff's claim for benefits.

17. The Plan has violated the plain language of the Plan; 29 U.S.C. 1133 (Claims procedure); and 29 U.S.C. 1104 (fiduciary duties).

18. The Plaintiff has exhausted pre-litigation remedies and that process ended by way of a "Final Denial Letter" sent by The Insurance Company on May 1, 2019.

19. The Plaintiff is entitled to long-term disability benefits under the Plan, including past due benefits; future benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

20.     The Plaintiff is entitled to these benefits because the benefits are permitted under the policy; The Plaintiff has satisfied all conditions precedent to be eligible to receive the benefits and Plaintiff has not waived or otherwise relinquished the entitlement to the benefits.

## **RELIEF SOUGHT**

The Plaintiff requests that this Court enter an Order declaring the following:

1. No deference be granted to the decision of the Plan to deny benefits.

2. That the Plaintiff is entitled to long-term disability benefits under the policy.

3. That the Plaintiff is entitled to payment of past long-term disability benefits and reinstatement to monthly benefits under The Plan.

4. That the Plaintiff is entitled to payment of pre- and post-judgment interest.

5. That the Plaintiff is entitled to payment of attorney's fees and costs.

Respectfully submitted,

*Tom R. Vallandingham*
By Counsel


/S/ *T. Keith Gould*
Timothy R. Miley, W.Va. Bar No.: 5797
Douglas R. Miley, W.Va. Bar No.: 10611
T. Keith Gould, W.Va. Bar No.: 7166
**The Miley Law Group, PLLC**
229 West Main Street, Suite 400
Clarksburg, WV 26301
Tel. 304.326.1800 | Fax: 304.326.1801
tmiley@mileylegal.com
Counsel for Plaintiff